| | |
|---|---|
| **LAW OFFICE OF MICHAEL BALDWIN, PLC**<br>Michael W. Baldwin, State Bar No. 12625<br>P.O. Box 35487<br>Tucson, Arizona 85740-5487<br>Telephone: (520) 792-3600<br>FAX: (520) 792-8616<br>E-Mail: Michael.Baldwin@azbar.org<br>Attorney for Debtors | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In re*:<br><br>David Martin Wilson & Jamie Marie Wilson,<br><br>Debtors. | Case No.: 4:09-bk-13836 (JMM)<br>(Chapter 13)<br><br>OBJECTION TO PROOF OF CLAIM #14<br>and<br>MOTION TO STRIKE OBJECTION TO CONFIRMATION<br>filed by<br>BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. |

The above-captioned Debtors through counsel undersigned, pursuant to Federal Rule of Bankruptcy 3007(a) hereby OBJECT to the proof of claim filed by BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. (the "**BAC**"), and, move to strike the *Objection to Chapter 13 Plan* (the "Objection") filed by BAC; for their objection and motion Debtors allege as follows:

1. BAC filed the Objection to Debtors Chapter 13 Plan on August 27, 2009 [Docket #22];
2. BAC filed a proof of claim on August 27, 2009 in the amount of $339,928.49 [Proof of Claim #14];

3. In BAC's Objection are the following allegations that Debtors have not provided for payment of arrearages on a debt for which BAC alleges it is a secured creditor.

> The Chapter 13 Plan does not adequately provide for repayment of arrearages owed to BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., pursuant to the proof of claim in the amount of $25,456.93. Secured creditor requests that the arrearages as set forth in its Proof of Claim be paid through the Plan. A copy of Secured Creditor's Proof of Claim is Proof of Claim is attached hereto as Exhibit "A" and made a part hereof by this reference."

4. BAC's proof of claim attaches a Deed of Trust on which BAC is neither named as lender of the original alleged underlying obligation, nor the beneficiary of such Deed of Trust, and BAC's name does not appear anywhere on the Deed of Trust;

5. BAC's proof of claim fails to attach the original promissory note (the "Note") and therefore fails to contain any evidence that it is a holder of the original promissory note (the "Note"), i.e., that it actually possesses the Note;

6. BAC's proof of claim fails to contain any statement or allegation explaining why the original promissory note is not attached;

7. BAC's proof of claim fails to contain any statement or allegation that the original Note is missing, lost, or destroyed;

8. RTR's proof of claim fails to contain any evidence that it possesses the rights of a holder;

9. If BAC is a holder of the Note, the proof of claim presents no evidence of any transaction by which BAC acquired the Note;

10. BAC's proof of claim fails to assert that it has any constitutional standing to proceed in Debtors' bankruptcy case;

11. BAC's proof of claim fails to contain any evidence that the Deed of Trust is a perfected security interest as to BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., or any party for which BAC Home Loan Servicing, L.P. fka Countrywide

Home Loans Servicing, L.P. is acting as agent, as of the date, June 19, 2009, Debtors filed their bankruptcy petition;

12. BAC is not a real party in interest, and RTR does not have standing to pursue any claim against Debtors or the Debtors' estate;

13. Rule 3001(d)[1] requires that the party filing a proof of claim attach the written documentation on which the claim is based---RTR has attached no document that meets that requirement, in that the note and deed of trust are payable *to some other entity;*

14. Where the party filing a proof of claim alleges to be a secured creditor, Rule 3001(e) requires that such party attach, at the time of its original filing, the proof of the perfection of such security interest---RTR has attached no document that meets that requirement

15. Because RTR's proof of claim fails entirely to satisfy any of the requirements of Rule 3001(d) and (e), RTR's Proof of Claim is not entitled to any evidentiary effect. Rule 3001(f).

WHEREFORE,

A. Pursuant to 11 U.S.C. § 502(b)(1), Debtors pray that the Court disallow the proof of claim (Proof of Claim #14) of BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., and allows reasonable attorneys' fees for Debtors' attorney;

B. Debtors pray that the Court strike the Objection to Debtors' Chapter 13 Plan of BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., and allows reasonable attorneys' fees for Debtors' attorney.

---

[1] Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 1001-9036,

Respectfully submitted this 2nd day of October 2009.

MICHAEL BALDWIN, PLC; a Professional Limited Liability Company

By: /s/ Michael Baldwin    AzStB#12625
Michael W. Baldwin

Copy of the foregoing electronically transmitted
this 2nd day of October 2009, to the following:

Dianne C. Kerns
Chapter 13 Trustee
mail@dcktrustee.com

David Martin Wilson and Jamie Marie Wilson
10316 E. Edna Place
Tucson, AZ 85748
Debtors

Mark S. Bosco
Leonard J. McDonald
Tiffany & Bosco, P.A.
2525 East Camelback Road
Third Floor
Phoenix, Arizona 85016
msb@tblaw.com
ljm@tblaw.com
Attorneys for Creditor

/s/ Brian Lestyk, in his capacity as paralegal for Michael Baldwin, PLC

---

which make applicable certain Federal Rules of Civil Procedure
("Fed.R.Civ.P.").