**SIGNED.**

Dated: December 09, 2009

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID MARTIN WILSON and JAMIE MARIE WILSON,<br><br>                  Debtors. | Chapter 13<br><br>No. 4:09-bk-13836-JMM<br><br>**MEMORANDUM DECISION RE:**<br>**OBJECTION TO CLAIM NO. 14** |

  The Debtors filed a Chapter 13 case on June 19, 2009. In their schedules, they listed ownership of a residential parcel of real estate at 10316 Edna Place as their residence (Schedule A). Against that land, they listed two secured claims, the first in favor of Bank of America for $98,625 (Schedule D). The second is in favor of Countrywide Home Loans in the sum of $399,928 (Schedule D). This larger debt appears, from the schedule, to be the senior lien. Neither debt was listed as contingent, unliquidated or disputed.

  The Debtors filed their Chapter 13 plan on July 7, 2009. In it, the debtors maintained that they had numerous causes of action against each lienholder, and noted that they would bring adversary proceedings against these lenders. The Chapter 13 plan made no provision for the repayment of either debt. (*See* para. 9, "Plan Summary.") The only secured claims structured for payment were Pima County, for taxes, and a car loan.

  To date, no adversary proceeding has been filed against either real property secured lender.

On August 27, 2009, the law firm of Tiffany & Bosco filed a notice of appearance for BAC Home Loan Servicing, fka Countrywide Home Loans Servicing, L.P. On that same day, the law firm also filed a proof of claim for $339,928.49, and attached to the proof of claim a deed of trust, signed by Debtor David M. Wilson and recorded February 14,2006. The deed of trust noted that it secured a debt of $319,500, and it identified the secured collateral as the Edna Place residence.

Also, on August 27, 2009, the law firm of Tiffany & Bosco filed an objection to the Chapter 13 plan, and objected on the basis that the plan failed to account for necessary repayment of any arrearages, alleged to be $25,456.93.

The Debtors then objected to the proof of claim, on a number of grounds, and asked the court to disallow the claim and overrule the objection to the plan (DN 24).

In the meantime, the Chapter 13 Trustee moved to dismiss the Debtors' case, for failure to make payments under the plan. That matter was set for December 10, 2009.

A hearing was held on December 7, 2009, at which only the Debtors' counsel appeared. The court posed a number of questions, dealing principally with notice and procedure.

FED. R. BANKR. P. 7001 requires an adversary proceeding if the extent, validity and priority of a lien or other legal interest is to be altered. FED. R. BANKR. P. 3001 provides *prima facie* validity to a proof of claim. Here, the deed of trust attached to the proof of claim is signed by one of the Debtors, and the address and legal description of the Edna Place residence is noted within the body of the deed of trust. The claim and its attachments satisfy the rule.

This court does not believe that a motion to disallow a valid secured claim, evidenced by a *prima facie* valid proof of claim, is the proper procedural vehicle to <u>remove</u> a lien claim from a parcel of real property. In addition, on the proof of claim itself, BAC specified that notices should be sent to: BAC Home Loans Servicing, L.P. . . . 7105 Corporate Dr., Mail Stop PTX-209, Plano, TX 75024. However, the objection and notices were not sent to that address but to claimant's attorney, who had signed the proof of claim, Tiffany & Bosco.

Should the Debtors seek to remove the lien, or otherwise contest it, they must: (1) file an adversary complaint; (2) serve the statutory agent for the creditor; (3) serve creditor's counsel,

Tiffany & Bosco, with a copy of the adversary complaint; and (4) prove substantive grounds as to why the lien should be stricken.

For now, because adequate procedural due process has not been provided for the relief requested, an order will be entered which OVERRULES and DENIES the Debtors' objection to Claim No. 14, and SUSTAINS the objection to confirmation.

A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Michael W. Baldwin, Attorney for Debtors

Mark S. Bosco, Attorney for BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.

Dianne C. Kerns, Trustee

Office of the U.S. Trustee